FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Nov 03, 2026
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIFFANY KNIERIEUM,<br><br>Defendant. | No. 1:25-CR-02142-MKD-2<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 68, 69** |

Before the Court are Defendant's Motion to Modify Conditions of Release (ECF No. 68) and related Motion to Expedite (ECF No. 69). Defendant was represented by court-appointed attorney Robin Emmans. Assistant United States Attorney Courtney Pratten represents the United States.

Defendant requests the Court modify Special Condition Nos. 7 and 8, which impose GPS and stand-alone location monitoring, and remove the EHM requirement from her conditions. ECF No. 68. The United States Attorney's Office and the United States Probation/Pretrial Services Office have no objection to Defendant's request. *Id.*

Pretrial release conditions are governed by 18 U.S.C. § 3142(c). A defendant released on conditions shall be subject to the least restrictive condition or combination of conditions to "reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B).

To determine whether there are conditions that will reasonably assure the defendant's appearance and the safety of the community, courts consider four factors under § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4). Important here, courts "may at any time amend the order to impose additional or different conditions of release."

The Court previously determined that Special Condition Nos. 7 and 8, which impose GPS and stand-alone monitoring, were necessary to reasonably assure Defendant's appearance as required and the safety of the community under § 3142. ECF No. 30. Now, Defendant requests that the Court modify the conditions by removing the GPS and stand-alone location monitoring requirements. ECF No. 68. Defendant argues that medical need and successful supervision thus far justifies the modification.

The Court finds that Defendant's requested modification of striking the conditions are sufficient to reasonably assure Defendant's appearance and the safety of the community under § 3142.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 69**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 68**) is **GRANTED**.

3. **Special Condition No. 7 and Special Condition No. 8 (ECF No. 30)** are **STRICKEN.**

4. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED November 3, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE